**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                           Criminal No. 12-mj-068-01-DL

John Doe #7

### ORDER OF DETENTION PENDING TRIAL

The defendant has been charged by indictment in the Western District of Louisiana with Conspiracy to Advertise the Distribution of Child Pornography in violation of 18 U.S.C. §§ 2251(d)(1) & (e), and Conspiracy to Distribute Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) & (b)(1).  He was arrested on this date and appeared for a removal hearing as required by Fed. R. Crim. P. 5(c)(3).  The defendant stipulated that he is the same person named in the indictment ("identity"), but requested a detention hearing.  For the following reasons, and for the reasons more fully stated on the record, the defendant shall be detained pending trial.

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits

such hearings to the [circumstances listed in 18 U.S.C. § 3142(f)(1) and (f)(2)]."  United States v. Ploof, 851 F.2d 7, 10 (1st Cir. 1988).  In this case, the government invoked § 3142(f)(1)(E), which permits the government to request detention when the charges involve a minor victim.

Pursuant to Section 3142(f), the court must determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness").  18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991).  In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.  18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial ("risk of

flight"), United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988), or (2) the safety of another or the community ("dangerousness"). Patriarca, 948 F.2d at 793. For its part, the government is required to offer a preponderance of the evidence to prove risk of flight and clear and convincing evidence to establish dangerousness. See Patriarca, 948 F.2d at 792-93.

In specific instances delineated in 18 U.S.C. § 3142(e), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. The rebuttable presumption applies when a judicial officer finds that there is probable cause to believe, inter alia, that the person committed an offense involving a minor victim under the statutes at issue in this case. 18 U.S.C. § 3142(e)(3)(E). Once invoked, the defendant need only produce "some evidence" to rebut this presumption. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985). "When a defendant produces such evidence, however, the presumption does not disappear. The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight." Dillon, 938 at 1416.

In the instant case, the indictment itself establishes probable cause to believe that the offenses charged have been committed and that the defendant has committed them. Thus, because the charges allege statutory violations involving minor victims within the meaning of § 3142(e)(3)(E), the rebuttable presumption is triggered in this case.

For the reasons stated below, and after considering the factors set forth in 18 U.S.C. § 3142(g), the court finds that when aided by the presumption, the government has satisfied its burden to establish that no conditions or combination of conditions will reasonably assure the safety of the community. While the court relies on the hearing record and its reasoning stated at the conclusion of the hearing to support detention, it will briefly elaborate on its reasoning.

At the detention hearing, the court considered the bail report, the Department of Homeland Security "Report of Investigation" dated June 25, 2012 ("DHS Report"), and the proffers and testimony presented at the hearing. In short, the court's detention decision is based on the following factors.

First, the nature of the offense, as proffered by the government, involves the posting of particularly heinous forms of

child pornography on an online bulletin board, known as "Dreamboard." As explained in government pleadings in the underlying case in the Western District of Louisiana, Dreamboard "was dedicated to the production, distribution and advertisement of hard-core child pornography, including images of infants and prepubescent minors being raped and in distress." (Doc. No. 211 at 3). Persons desiring "membership" in Dreamboard were required to post a certain amount of child pornography. It was required that these postings "either contain hard-core activity or nudity, and that minors depicted were under the age of 13." See id. Further, the maximum punishment on count one (1) is a statutory mandatory minimum sentence of not less than fifteen (15) years nor more than thirty (30) years in prison. See 18 U.S.C. § 2251(d)(1) & (e). Thus, the nature of the crime charged involves particularly heinous and exploitive conduct involving minor children for which the defendant is confronted with the potential of an extended period of incarceration.

    Second, the weight of the evidence is compelling. In fact, the DHS Report reflects that the defendant admitted (1) he is a "member" of Dreamboard, and (2) posted, accessed and downloaded

child pornography from that site. The government further represents that, based on forensic evidence, the defendant posted child pornography on Dreamboard on at least ten (10) occasions.

Third, the defendant's character and past conduct support a finding that he currently presents a danger to the community. According to the DHS Report, the defendant admitted that he has been viewing child pornography online since 2004 and that he knew it was a crime to do so. The government proffered that a preliminary forensic examination of the defendant's hard drive, which he voluntarily relinquished to investigators in June of 2012, revealed over 1,000 images and 100 movies involving child pornography. Additionally, despite the fact that the defendant knew federal authorities suspected he was accessing child pornography (by virtue of the fact the government had seized his laptop in August 2011), he persisted in his pursuit of accessing child pornography as evidenced by his admission in the DHS Report that he visited the Dreamboard site as recently as June of 2012. Further, the defendant admitted in the DHS Report that while under police investigation for "inappropriate contact" with the thirteen (13) year old daughter of his girlfriend in Texas (date

unknown), he disregarded law enforcement's instructions to avoid having further contact with the minor child. This evidence establishes that the defendant has a significant addiction to child pornography and is unable to control impulsive behavior, such as continuing to access child pornography online when he knew the criminality of his conduct and that he was suspected of engaging in such conduct and continuing to have contact with a minor child after police had instructed him to the contrary.

Finally, the defendant is presently living in the same residence with a woman and her minor daughter, a five (5) year old girl. As a condition of release, the defendant proposed to return to the residence with an order prohibiting unsupervised contact with minor children and attempted to assure the court that he would never be alone with the five (5) year old girl living with him in the residence. The court believes such an assurance to be practically implausible, unrealistic, and incredible.

Based on the totality of the circumstances, there is no question that when aided by the presumption, the government has met its burden to establish by clear and convincing evidence that

there are no conditions or combination of conditions the court can establish to reasonably assure the safety of the community. Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

/s/ Daniel J. Lynch
Daniel J. Lynch
United States Magistrate Judge

Date: August 23, 2012

cc:  Jennifer C. Davis, AUSA
     Bjorn Lange, Esq.
     U.S. Marshal
     U.S. Probation