## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                        Criminal No. 12-mj-068-01-DL

<u>John Doe #7</u>

### ORDER

The defendant has filed a Motion to Re-Open Bail (doc. no. 6), in which he requests release to live with his parents as third-party custodians as an alternative to returning to his current residence with his girlfriend and her five (5) year old child.[1] While the defendant's proposed living situation was a factor in the court's detention decision, it clearly was not dispositive. Without reiterating the reasoning of the court's prior written detention order, the decision was based upon the particularly heinous and exploitive nature of the child pornography at issue, the overwhelming weight of the evidence, the defendant's long-term and pervasive addiction to child pornography, and his inability to control his impulsive behavior as evidenced by (1) his persistence in accessing child

---

[1] In addition to the standard conditions of release, the motion also consents to the following conditions: restricting computer access, prohibiting contact with minor children, electronic monitoring, and counseling. The court was aware of and considered these proposed conditions when it issued its original order of detention and, as a result, does not further address them here. Additionally, for the purpose of this motion, the court assumes <u>arguendo</u> that the defendant's parents would be deemed acceptable third-party custodians.

pornography online when he knew the criminality of his conduct and that he was suspected by federal authorities of engaging in such conduct, and (2) his continued contact with a minor child after police in Texas investigating him on allegations of "inappropriate contact" had instructed him to the contrary. In fact, the last factor raises serious doubts as to whether the defendant would abide by conditions of release set by this court. In any event, the proposal to release the defendant to third-party custodians in lieu of returning to his residence does not alter the court's decision to detain the defendant.

On these facts, and for the reasons more fully articulated in the court's detention order dated August 23, 2012, the court finds that when aided by the presumption, the government has satisfied its burden to establish that no conditions or combination of conditions will reasonably assure the safety of the community. Accordingly, the defendant's Motion to Re-Open Bail (doc. no. 6) is DENIED. The defendant shall be detained pending trial.

    **SO ORDERED.**

                            /s/ Daniel J. Lynch
                            Daniel J. Lynch
                            United States Magistrate Judge

Date: August 29, 2012

cc:    Jennifer C. Davis, AUSA
       Bjorn Lange, Esq.
       U.S. Marshal
       U.S. Probation